UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BEARAM,

                          Plaintiff,

-v-

DR. DIANE SOMMER, *et al.*,

                          Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-25-13

No. 12 Civ. 1858 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Michael Bearam ("Plaintiff"), proceeding *pro se*, brings this action asserting Eighth Amendment claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Dr. Diane Sommer ("Sommer"), Mr. J. Burkett ("Burkett"), and Warden T. Billingsley ("Billingsley") (collectively, "Defendants"), and negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, against Sommer and Billingsley. (Doc. No. 11.) Plaintiff's *Bivens* claims assert that Defendants exhibited deliberate indifference to Plaintiff's medical condition, and Plaintiff's FTCA claims assert that Sommers and Billingsley are liable for negligent medical care. *Id.*

    Plaintiff amended his Complaint on June 4, 2012. (Doc. No. 11.) On December 7, 2012, Defendants filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b), a supporting memorandum of law, and a declaration by Lenoir Knoblauch. (Doc. Nos. 19, 20, 21). Plaintiff filed a response on January 10, 2013, (Doc. No. 26), and Defendants filed a reply memorandum of law on January 24, 2013 (Doc. No. 28).

In an Order dated April 10, 2013, the Court referred this matter to the Honorable Ronald L. Ellis, Magistrate Judge, for dispositive motions requiring a report and recommendation. (Doc. No. 30.) On August 30, 2013, Judge Ellis issued a Report and Recommendation (the "Report") recommending that Defendants' motion to dismiss be granted in its entirety because: (1) Plaintiff failed to state an Eighth Amendment claim against any of the Defendants; (2) Plaintiff failed to exhaust administrative remedies for his denial of transfer claim against Burkett, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); and (3) Plaintiff failed to exhaust administrative remedies for his FTCA claims. (Doc. No. 31.) The Report notified the parties of their right, pursuant to Federal Rule of Civil Procedure 72, to file written objections to the Report and that a failure to do so would result in the waiver of those objections both in this Court and on appeal to the Second Circuit. (*Id.*) No party filed objections before the expiration of the objections period. *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no objections to a report and recommendation are made, the court may adopt the report if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

After reviewing the record, the Court finds that the following conclusions in the Report are not clearly erroneous: (1) Plaintiff has failed to state *Bivens* claims arising under the Eighth Amendment because Plaintiff's Amended Complaint fails to plead facts demonstrating that Defendants acted with "deliberate indifference" toward Plaintiff's medical condition, as required by

2

*Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003),[1] and (2) Plaintiff's FTCA claims fail for lack of subject matter jurisdiction under 28 U.S.C. § 2675(a) because Plaintiff failed to file the SF-95 form used by the Bureau of Prisons ("BOP") to administer FTCA claims.[2]

Because the two conclusions discussed above are sufficient to grant Defendants' motion in its entirety, the Court need not consider whether the following conclusions reached by the Report are clearly erroneous: (1) Plaintiff failed to state *Bivens* claims because Plaintiff's claimed injury, kidney disease, is insufficient to constitute a "serious illness or injury" under *Smith*, 316 F.3d at 184, and (2) Plaintiff failed to exhaust administrative remedies as required by the PLRA in connection

---

[1] The Court does not read the Report's conclusion in this regard to depend on the factual question of whether Plaintiff took his medications as directed by prison medical staff. (Rep. at 7). Plaintiff's Complaint included, as unlabeled exhibits, correspondence between Plaintiff and Sommer in which Sommer asserted that Plaintiff's medical problems were the result of Plaintiff's failure to take medication as prescribed. (Am. Compl. Exhs.) An exhibit attached to a pleading is considered part of the pleading. Fed. R. Civ. P. 10(c); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). It is unclear, however, whether it is proper to credit a factual claim made by a defendant when it appears as an attachment to Plaintiff's Amended Complaint. The Court need not reach this question, however, since the conclusion that Plaintiff failed to plead facts supporting a *Bivens* claim did not turn on this factual question. The Report correctly concluded that Plaintiff's pleading failed to allege that any of the Defendants acted with "deliberate indifference" to his medical needs, as required by the case law. *See Smith*, 316 F.3d at 183–84; *Chance v. Armstrong*, 143 F.3d 698, 703–04 (2d Cir. 1998); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

[2] According to an affidavit from Lenoir Knoblauch, a Legal Assistant who has computerized access to the BOP's administrative filings, the BOP uses SF-95 to process FTCA claims and an exhaustive search of the computer database yielded no SF-95s from Plaintiff. (Doc. No. 20.) Although the Knoblauch affidavit is a submission outside the pleadings, it is considered here only in relation to Defendants' motion to dismiss Plaintiff's FTCA claims under Fed. R. Civ. P. 12(b)(1). It is well established that a court may consider evidence outside the pleadings, including affidavits, in connection with a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1). *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Nothing in Plaintiff's pleadings or subsequent submissions raises an issue of fact as to whether he submitted an SF-95.

with his claim against Burkett. These two conclusions were not necessary to the Report's recommendation. An Eighth Amendment claim on the basis of inadequate medical care requires *both* the existence of a "serious illness or injury" *and* "deliberate indifference." *Smith*, 316 F.3d at 184. Because Judge Ellis did not commit clear error in finding that Plaintiff failed to adequately allege deliberate indifference, it is not necessary to consider whether the Report erred in concluding that Plaintiff failed to allege a "serious" medical issue. Likewise, because Judge Ellis did not commit clear error in concluding that Plaintiff failed to adequately plead Burkett's deliberate indifference, it is not necessary to consider whether the claim against Burkett is barred by the PLRA's administrative exhaustion requirement.

Accordingly, for the reasons set forth above, the Court adopts the recommendation of Judge Ellis and grants Defendants' motion to dismiss. The Clerk of the Court is respectfully requested to terminate the motion pending at Doc. No. 19.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 25, 2013
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been mailed to:

Pro Se Plaintiff
Michael Bearam
63141-053
CI Monshannon Valley
555 GeoDrive
Philipsburg, PA 16866